# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BILLY RAY STOVER and MAY BENNETT STOVER, husband and wife,<br><br>          *Plaintiff*,<br><br>     vs.<br><br>FINDLAY RV CENTER, INC., a Nevada Corporation; WINNEBAGO INDUSTRIES, INC., a Foreign Corporation; U.S. BANK; and DOES 1-10, inclusive,<br><br>          *Defendants*. | Case No.: 2:09-cv-01859-GMN-RJJ<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Defendant Winnebago Industries, Inc.'s Motion to Dismiss (#12). Defendant Hohl Findlay, LLC dba Findlay RV Center filed a Joinder (#24) to the motion. Defendants seek to dismiss claims one, two, three, four and ten of the Complaint (#1). Plaintiffs filed a timely Response to the Motion to Dismiss (#15) and an Opposition to Hohl Findlay, LLC's Joinder to Dismiss (#31). Defendant Winnebago Industries, Inc. filed a timely reply (#16) in support of its motion to dismiss.

The Court has considered the pleadings and arguments offered by the parties.  IT IS HEREBY ORDERED THAT Defendant Winnebago's Motion to Dismiss (#15) Counts 1 through 4 and 10 is GRANTED; Defendant Findlay's Joinder Motion to Dismiss (#31) is DENIED.

## BACKGROUND

Plaintiffs, Billy Ray Stover and May Bennett Stover, husband and wife, purchased a new

2006 Winnebago Tour CA 40KD motor home on or about April 1, 2008 from Defendant Findlay RV Center ("Findlay") in Las Vegas, Nevada. (Complaint ¶ 16 at pg. 4, #1).  The Plaintiffs signed a retail purchase order from Findlay and a consumer credit retail installment contract and security agreement with Defendant U.S. Bank.  (*Id.*).  Plaintiffs took delivery of the motor home and assert that between April 2008 and February 2009 the motor home has had several electrical, mechanical and cosmetic defects. (*Id.* ¶¶ 19-49 at pg. 4-9).  While in the Las Vegas area, the Plaintiffs returned the motor home to Findlay four times and to another dealer once to fix numerous defects between April 3, 2008 and May 5, 2008. (*Id.* ¶¶ 23-27 at pg. 5).  Then on their cross country trip to their Florida home, the Plaintiffs experienced numerous mechanical failures and breakdowns which included: a defect in the transmission of electric power in New Mexico (*Id.* ¶ 29, at pg. 5); a broken heat shield and missing hose clamp resulting in an oil leak in Ohio (*Id.* ¶ 20, at pg. 6); a blown wheel seal and replacement of the brake shoes because they were soaked with hub oil in Kentucky (*Id.* ¶ 31, at pg. 6); and clogged fuel filters resulting in low power to the engine in Tennessee. (*Id.* ¶ 32 at pg. 6).   Once in Florida the Plaintiffs took their motor home to dealerships several times between June 4, 2008 and January 20, 2009 to repair several more defects. (*Id.* ¶¶ 33-40 at pg. 6-7). The Plaintiffs claim that the defects were not satisfactorily repaired and that the motor home was not in conformity with the specifications of the manufacturer at the time of revocation. (*Id.* ¶¶ 46-47 at pg. 8).   Plaintiffs rejected or revoked acceptance of the motor home on February 27, 2009 and asked the Defendants to return the purchase price under the Consumer Product Warranty Act, 15 U.S.C. §§ 2301 *et. seq*. and N.R.S. 104.2608. (*Id.* ¶ 49 at pg. 9).

   Plaintiffs filed the present lawsuit on September 21, 2009.  Plaintiffs allege the following causes of action: 1) Revocation of Acceptance; 2) Cancellation of Contract; 3) Failure to Honor

Revocation of Acceptance, Rejection and Cancellation under Uniform Commercial Code; 4) Cancellation under Magnuson-Moss Warranty Act; 5) Liability under Magnuson-Moss Warranty Act; 6) Breach of Express Warranty; 7) Breach of Implied Warranty of Merchantability; 8) Breach of Implied Warranty of Fitness for a Particular Purpose; 9) Breach of Obligation of Good Faith; 10) Fraud; 11) Violations of Nevada Deceptive Trade Practices Act; and 12) Holder Liability of Assignee. (Complaint #1).  In response, defendant Winnebago Industries, Inc. ("Winnebago") filed the instant motion (#12) seeking dismissal of claims 1-4 and 10 of Plaintiff's complaint and defendant Findlay joined in Winnebago's motion to dismiss (#31).

## DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency.  *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 127 S.Ct. 1955, 1964 (2007).  However, facts must be sufficient to edge a complaint from the conceivable to the plausible in order to state a claim.  *Id.* In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  *See NL Indus.,*

*Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

The Supreme Court recently clarified that, in order to avoid a motion to dismiss, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ---- U.S. ----, 129 S.Ct. 1937, 1949 (2009).  The Court in Ashcroft further stated "[w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*  Therefore, merely making an allegation is not enough to survive a motion to dismiss; facts that a particular defendant may plausibly be liable for the alleged conduct must be pled.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . .  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment.  *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B. Analysis**

Defendant Findlay joined in Winnebago's motion to dismiss for Counts 1 through 4. However, the legal issues regarding these remedies are different against a manufacturer and a dealer. Thus the discussions of defendants Winnebago and Findlay are done separately for these claims.

**1. Revocation of Acceptance**

   i.   <u>Winnebago</u>

Plaintiffs' first cause of action is for revocation of acceptance pursuant to Nevada Uniform Commercial Code ("Nevada UCC"), N.R.S. Chapter 104. Specifically N.R.S. 104.2608 provides that:

> 1. The buyer may revoke his or her acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to the buyer if the buyer has accepted it:
>    (a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or
>    (b) Without discovery of such nonconformity if his or her acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
>
> 2. Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.
>
> 3. A buyer who so revokes has the same rights and duties with regard to the goods involved as if the buyer had rejected them.

The Nevada Supreme Court has not determined whether the remedy of revocation of acceptance may be asserted against a manufacturer. Some jurisdictions have allowed the revocation of acceptance against the manufacturer, at least in cases of large ticket items like cars

and boats. *See Ford Motor Credit Co. v. Harper*, 671 F.2d 1117, 1126 (8th Cir.1982) (applied the Code liberally to ally relief because the seller was no longer in business); *Gochey v. Bombardier, Inc.*, 153 Vt. 607, 611-14, 572 A.2d 921, 924-25 (1990)(revocation is available as a remedy against manufacturer, without regard to whether agency relationship exists between manufacturer and seller, where product has express warranty that is passed on to consumer buyer by seller); *Volkswagen of America, Inc. v. Novak*, 418 So.2d 801, 804 (Miss.1982)( the retailer's sales contract and manufacturer's warranty, are so intertwined that they blended into a single unit at the time of sale.); *Durfee v. Rod Baxter Imports, Inc.*, 262 N.W.2d 349, 357-58 (Minn.1977) (en banc) (a distributor who profits indirectly from the retail sale should be held liable). However, other jurisdictions have refused to extend this remedy. *See Voytovich v. Bangor Punta Operations, Inc.*, 494 F.2d 1208, 1211 (6th Cir.1974); *Hardy v. Winnebago Indus., Inc.*, 120 Md.App. 261, 271, 706 A.2d 1086, 1091 (1998); *Henderson v. Chrysler Corp.*, 191 Mich.App. 337, 341-42, 477 N.W.2d 505, 508 (1999) ( all holding that the specified state statute allows revocation only against the seller and not the manufacturer).

      The jurisdictions that have held that revocation is not a remedy against the seller invoke the "letter of the U.C.C.", including Arizona. "Seller" as defined by A.R.S. s 44-2303(A)(4) is "a person who sells or contracts to sell goods." "The remedies associated with revocation of acceptance are intended to return the buyer and seller to their presale positions." *Seekings v. Jimmy GMC of Tucson, Inc.*, 130 Ariz. 596, 600, 638 P.2d 210, 214 (1981). "In general, the buyer is entitled to recovery of the purchase price plus all damages caused by the seller's failure to deliver conforming goods; the seller can recover the goods sold." *Id.* However, the "manufacturer does not receive the buyer's purchase price and [does not have] an ownership interest in the goods sold" and therefore "cannot share the seller's burden or benefit in returning

the contracting parties to their presale positions." *Id.* In *Seekings,* the buyer sought to have the manufacturer of his motor home accept revocation of his purchase. The Court, applying the "letter of the U.C.C.", held that the plaintiff and manufacturer were not in privity of contract and therefore the remedy of revocation was not available to the plaintiff.

Like Arizona, Oregon has also held that a buyer cannot recover from the manufacturer on a revocation of acceptance theory. *Clark v. Ford Motor Co.*, 46 Or.App. 521, 612 P.2d 316 (1980). In *Clark*, the Court held that since the plaintiff did not buy his vehicle directly from Ford and there was no evidence that the dealer was Ford's agent in making the sale that the plaintiff could not revoke acceptance as to Ford. Additionally, Oregon Revised Statutes defines "seller" exactly as Arizona does, and the Court relied on this definition to hold that "Ford did not sell or contract to sell to plaintiff [and] therefore, plaintiff may not revoke acceptance as to Ford." *Id.* at 527, 319.

Nevada Supreme Court has not yet decided this issue, and as such, this Court thinks that the Nevada Supreme Court would hold, as did the courts in the Ninth Circuit states of Arizona and Oregon, that the remedy of revocation of acceptance against a manufacturer is not available to the Plaintiff. The complaint states that Plaintiffs signed a retail purchase order from Findlay and a consumer credit retail installment contract and security agreement with U.S. Bank. (Complaint #1, ¶ 16, pg. 4). Nowhere in the pleadings do Plaintiffs allege that they entered into a contract with Defendant Winnebago. Furthermore, the pleadings fail to establish an agency relationship or that the dealer is insolvent. Consequently the facts of this case are more similar to the cases that have held against allowing a buyer to revoke a contract against a manufacturer. Accordingly, Plaintiffs have failed to plead specific facts of which there is a cause of action for revocation of contract against the manufacturer.

ii. Findlay

Revocation of acceptance is a remedy against a dealer. *Waddell v. L.V.R.V. Inc.*, 122 Nev. 15, 125 P.3d 1160 (2006). In *Waddell*, the Nevada Supreme Court expressly upheld the revocation of acceptance of a motor home that had many mechanical problems pursuant to N.R.S. 104.2608. The statute provides,

> that a buyer may revoke his acceptance if the item suffers from a "nonconformity [that] substantially impairs its value *to him*" and (a) the buyer accepted the goods on the understanding that the seller would cure the nonconformity or (b) the buyer was unaware of the nonconformity and the nonconformity was concealed by the difficulty of discovery or by the seller's assurances that the good was conforming. (Emphasis added.)

*Id.* at 19, 1163. The Court adopted "a two part test to determine whether a nonconformity, under the totality of the circumstances, substantially impairs the value of the goods to the buyer." *Id.* "The test has both an objective and a subjective prong." *Id.* In looking at the subjective value of the impairment, the Court in *Waddell*, considered Mr. Waddell's testimony as to how he planned to use the RV. *Id.* at 20-21, 1163-64. In considering the objective impairment prong, the court reiterated a United States District Court for the District of Nevada case that stated "the [seller's] inability to correct defects in [motor] vehicles creates a major hardship and an unacceptable economic burden on the consumer." *Id.* at 21, 1164(citing *Milicevic v. Mercedes Benz USA, LLC*, 256 F. Supp.2d 1168, 1176 (D. Nev. 2003) (quoting *Berrie v. Toyota Motor Sales, USA, Inc.*, 267 N.J.Super. 152, 630 A.2d 1180, 1181 (1993))). In *Waddell*, the Court found that "chronic engine overheating shook the Waddells' faith in the RV and undermined their confidence in the RV's reliability and integrity," which made "travel in the RV unreliable and stressful to the Waddells," and "objectively unsafe." *Id.*

Plaintiffs have alleged specific facts in their complaint that are similar to the facts in

*Waddell*. Defendant Finlay does not argue that Plaintiff does not have a cause of action of revocation of acceptance as to a dealer. Plaintiffs claim that they "wanted to purchase a motor that would allow them to safely and reliably travel and live in it, and because of the many defects, they have been unable to use the motor home for approximately" 3 months out of the first 10 months of ownership. (Complaint ¶ 48, pg. 8 and ¶ 41, pg 7, #1). Plaintiffs further allege a litany of defects that could objectionably be construed as substantially impairing the value of the mobile home. (Complaint ¶¶ 23-40, pg. 5-7, #1) Plaintiffs have listed facts that make the Defendant Findlay liable for revocation of acceptance under the Nevada U.C.C and thus Plaintiffs' claims are sufficient to survive dismissal.

### 2. Cancellation of Contract

#### i. Winnebago

Plaintiffs' second cause of action is for cancellation of contract pursuant to N.R.S. 104.1103, N.R.S. 104.2601 and N.R.S. 104.2608. Plaintiffs' claim in their Response to Defendant's Motion to Dismiss that claim 1 is for revocation of contract pursuant to N.R.S. 104.2608. For reasons addressed above, as a matter of law, Plaintiffs' do not have a cause of action against manufacturer for this claim. N.R.S. 104.1103 addresses the application of the principles of the U.C.C. to promote underlying purposes and policies. In itself it does not provide a cause of action. Therefore the only cause of action Plaintiffs must be making in citing N.R.S. 104.2601 is that they can cancel the contract by rejecting the motor home in whole because of nonconformity. Under the Nevada U.C.C., "[i]f goods purchased pursuant to a contract or tender of delivery of such goods fail in any respect to conform to the contract, the buyer may reject them within a reasonable time after their delivery or tender." *Havas v. Love*, 89 Nev. 458, 514 P.2d 1187 (Nev. 1973). *Havas* is the only Nevada Supreme Court case to deal

with this area of the law and involves an action from a buyer against a dealer. In *Havas*, the court found "that the motor bus sold to the [buyer by the dealer] was not fit for its intended use and failed to conform to the implied warranty of merchantability contained in the purchase agreement." *Id.* at 459, 1188.

Defendant Winnebago argues that the Plaintiffs have cited no binding authority which requires this court to find that a manufacture is subject to a claim for cancellation of contract under the UCC. Defendant's argument is persuasive. There is no contract between Plaintiffs and Defendant Winnebago in which to cancel. Following the same line of logic discussed above, where there is no privity of contract there cannot be a revocation of the contract against the manufacturer and similarly no cancellation of the contract either. Plaintiffs have failed to plead specific acts of which there is a cause of action for cancellation of contract against a manufacturer and dismissal of this claim is necessary.

      ii.    <u>Findlay</u>

The Nevada Supreme Court has held that a buyer can reject goods that are not fit for their intended use and have failed to conform to the implied warranty of merchantability pursuant to N.R.S. 104.2601. *Havas*, 89 Nev. 458 at 459, 514 P. 2d 1187 at 1188. Defendant Findlay does not argue specifically how this cause of action does not apply to them. Plaintiffs intended to use the motor home for travel and for it to be a source of relaxation for them. (Complaint ¶¶ 43, 48, pg. 8, #1). However, the numerous defects have turned the motor home into a nightmare with Plaintiffs being unable to use the motor home for approximately one-third of the time since it was delivered. *Id.* Plaintiffs have alleged specific facts as to the motor home not being fit for its intended use and how it has failed to conform to the implied warranty of merchantability. As such, Plaintiffs have alleged a remedy of rejection of goods pursuant to N.R.S. 104.2601 and

have properly cancelled the contract with respect to Defendant Findlay, requiring this claim to survive dismissal.

### 3. Failure to Honor Revocation of Acceptance, Rejection and Cancellation under U.C.C.

i. Winnebago

Plaintiffs' third cause of action citing Defendant's failure to honor their revocation of acceptance, rejection and cancellation necessarily rely on whether or not the first two causes of action are available at law against the manufacturer. For reasons stated above, Claim 1 and Claim 2 of Plaintiffs' complaint fail as a matter of law against the manufacturer. Thus, there cannot be a cause of action under Claim 3 that the manufacturer failed to honor Plaintiffs' revocation, rejection and cancellation. Accordingly this claim is dismissed as to Defendant Winnebago.

ii. Findlay

Plaintiffs' third cause of action invokes N.R.S. 104.2711 "[w]here . . . the buyer rightfully rejects or justifiably revokes acceptance then with respect to any goods involved . . . the buyer may cancel." For the same reasons stated above for claim 1 and 2, Plaintiff has plead sufficient facts to put Defendant Findlay on fair notice of a legally cognizable claim and the grounds on which it rests. Plaintiff has alleged a cause of action to revoke acceptance and a cause of action to cancel the contract Defendant Findlay. Defendant Findlay has not argued with specific reasons why these claims are not sufficient, or why the allegations do not apply to them as a dealer. Consequently, Defendant Findlay's motion to dismiss Count 3 is denied.

### 4. Cancellation under Magnuson-Moss Act

i. Winnebago

Plaintiff's fourth cause of action is for cancellation of contract under Magnuson-Moss

Act ("MMWA").  Cancellation, or rescission, of a contract is allowed under the MMWA. *See* 15 U.S.C. § 2310(d)(1) (consumer "may bring suit for damages and other legal and equitable relief); *Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F.Supp.2d 1028, 1039 (Dst. Ct. Hawaii 2006).  However, in order to determine if cancellation of a contract against a manufacturer is a remedy under the MMA the court looks to state law.  *Stoebner Motors*, 459 F.Supp.2d at 1039 (citing *Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1239(C.D.Cal.2005)( "In drafting the Magnuson-Moss Act, Congress, while providing substantive right of action to consumers, did not specify the appropriate measure and type of damages that are available.  As such, [courts] have turned to applicable state law to determine what remedies are available under the Act[.]")).  As previously discussed, this Court believes that Nevada state law would allow for cancellation of a contract against a manufacturer who is not in privity of contract with the buyer.  Accordingly, Plaintiffs have failed to plead specific acts of which there is a cause of action for cancellation of contract under the MMWA and Count 4 is dismissed as to Defendant Winnebago.

      ii.    <u>Findlay</u>

As stated above, cancellation, or rescission, of a contract is allowed under the MMA. *See* 15 U.S.C. § 2310(d)(1) (consumer "may bring suit for damages and other legal and equitable relief"); *Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F.Supp.2d 1028, 1039 (Dst. Ct. Hawaii 2006).  Courts look to state law to determine whether a specific remedy is available under the MMWA. *Romo v. FFG Ins. Co.*, 397 F.Supp.2d at 1239.  Applying state law, the Nevada Supreme Court has held that a buyer can reject goods that are not fit for their intended use and have failed to conform to the implied warranty of merchantability pursuant to N.R.S. 104.2601. *Havas*, 89 Nev. 458 at 459, 514 P. 2d 1187 at 1188.  Defendant Findlay does not argue specifically how this cause of action does not apply to them. Plaintiffs intended to use

the motor home for travel and for it to be a source of relaxation for it. (Complaint ¶¶ 43, 48, pg. 8, #1). However, numerous defects have turned the motor home into a nightmare with Plaintiffs being unable to use the motor home for approximately one-third of the time since it was delivered. *Id.* Plaintiffs have alleged specific facts as to the motor home not being fit for its intended use and how it has failed to conform to the implied warranty of merchantability. As Plaintiffs have alleged a remedy of rejection of goods pursuant to N.R.S. 104.2601 and have properly cancelled the contract with respect to Defendant Findlay Count 4 is not dismissed.

### 5. Fraud

Plaintiff's tenth cause of action alleges that Defendant Findlay made misrepresentations, concealments and omissions about the purchase price of the motor home with reckless disregard to the truth. Plaintiffs claim to have relied on these misrepresentations to their detriment and have suffered damages due to them. Federal Rule of Civil Procedure (9)(b) requires allegations of fraud to be specific enough to give defendants notice of the particular misconduct alleged to constitute the fraud so they can defend against the charge and not just deny any wrong. *Neubronner v. Milken,* 6 F. 3d 666, 671 (9th Cir. 1993) (citing *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir 1993)). A pleading is sufficient under Rule 9(b) if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer." *Id.* At 671-72 (citing *Gottreich v. San Francisco Investment Corp.,* 552, F.2d 866 (9th Cir. 1977)). The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity. *Id.* (citing *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1993)). Under Nevada law, in order to succeed on a claim for fraud, the plaintiff must prove the following elements:

/ / /

    1. A false representation made by the defendant;
    2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);
    3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;
    4. Plaintiff's justifiable reliance upon the misrepresentation; and
    5. Damage to the plaintiff resulting from such reliance.

*Bulbman, Inc. v. Nevada Bell,* 108 Nev. 105, 110-11, 825 P.2d 588, 592 (1992).

On March 8, 2010 Plaintiffs filed an amended complaint to clarify that the tenth cause of action is only against Defendant Findlay. (Plaintiffs' Opposition to Winnebago's Motion to Dismiss 8-11, pg. 2, #15; First Amended Complaint #14).  Plaintiff's First Amended Complaint (#14) makes the following specific allegations against Defendant Findlay: On or about April 1, 2008, Plaintiffs purchased a new motor home from Defendant in Las Vegas, Nevada (#14, ¶16); Defendant knew that it increased the price on the installment contract without informing the Plaintiffs that the price would be higher than the manufacturer's suggested retail price as stated on the sticker (#14, ¶ 179); Defendant made the misrepresentation, concealment and omission of the above material facts with full knowledge of their falsity or with reckless disregard for the truth (#14, ¶180); Defendant intended induce the Plaintiffs to rely on their misrepresentations (#14, ¶ 182); Plaintiffs reasonably relied on Defendant's misrepresentations (#14, ¶ 183); and Plaintiffs' suffered damages (#14, ¶ 185).  The Amended Complaint certainly puts the Defendant on notice of the circumstances surrounding the alleged fraud. (#14).  As noted earlier, a pleading is sufficient under Rule 9(b) if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer." *Neubronner v. Milken*, 6 F.3d at 671-72.  Plaintiff's allegations sufficiently advise Defendant of the alleged time, date, and place of the fraud making this Count sufficient to survive dismissal.

Defendant Winnebago's Motion to Dismiss Count 10 is moot because Plaintiffs amended their complaint to only charge Defendant Findlay with fraud under claim 10.

**CONCLUSION**

IT IS HEREBY ORDERED THAT Defendant Winnebago's Motion to Dismiss Counts 1 through 4 and 10 is GRANTED and Defendant Findlay's Joinder Motion to Dismiss is DENIED.

DATED this 20th day of August, 2010.

_____
Gloria M. Navarro
United States District Judge