# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BILLIE RAY STOVER and MAY BENNET STOVER, <br><br> Plaintiffs, <br><br> vs. <br><br> FINDLAY RV CENTER, INC., *et al.*, <br><br> Defendants. | Case No.: 2:09-cv-01859-GMN-RJJ <br><br> **ORDER** |

     Before the Court is Defendant, U.S. Bank, N.A.'s Motion to Dismiss Plaintiff's Complaint for Lack of Prosecution (ECF No. 77). Defendant Winnebago Industries, Inc. (Winnebago) filed a Joinder to U.S. Bank's Motion to Dismiss (ECF No. 80).

     Plaintiffs have failed to participate in various portions of discovery. Plaintiffs did not respond to U.S. Bank or Winnebago's First Requests for Production. Plaintiffs have also failed to respond to Winnebago's First Request for Admissions, and First Set of Interrogatories. (*See* ECF No. 57). Plaintiffs likewise did not attend the noticed depositions set for March 14, 2011. (*See* ECF No. 60).

     Magistrate Judge Robert J. Johnston issued an Order to Show Cause (ECF No. 67) requiring Plaintiffs to appear before the Court on May 2, 2011 to explain why they did not attend the hearing on their counsel's motion to withdraw as ordered. Plaintiffs failed to appear at this hearing (ECF No 73). Plaintiffs have not filed any responses to the motions filed by Defendants regarding case-critical issues including U.S. Bank's Motion to Compel (ECF No. 42), Winnebago's Motions to Compel (ECF Nos. 57 & 60) and Winnebago's Motion to Strike Plaintiffs' Expert Witness (ECF No. 54), which U.S. Bank joined.

     Plaintiffs filed a Response to the Order to Show Cause on April 25, 2011 (ECF No. 70).

In this Response, Plaintiffs stated that they do not have sufficient funds to pursue the lawsuit and that they "have no objection to this court dismissing the lawsuit or any other relief deemed reasonable." (*Id.*).

Federal Rule of Civil Procedure Rule 41(b) governs involuntary dismissals.  The Rule provides: "If the plaintiff fails to prosecute or to comply with these rules or a court order a defendant may move to dismiss the action or any claim against it."  Accordingly this Court finds that Plaintiffs have failed to prosecute the instant case and dismissal is proper.

Before dismissing the case for lack of prosecution the court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  In doing so, the Court finds that it is appropriate to dismiss this case.

In addition, U.S. Bank requests this Court grant it attorney's fees and costs pursuant to the Retail Installment Contract and Security Agreement attached as Exhibit A to its motion to dismiss.  The copy of the contract is illegible.  Therefore, U.S. Bank is **ORDERED** to resubmit the contract along with any motion for attorney's fees and costs it believes it is entitled to based on the litigation.

**IT IS HEREBY ORDERED** that Defendant U.S. Bank N.A.'s Motion to Dismiss (ECF No. 77) is **GRANTED**.

Plaintiff's Complaint is **DISMISSED with prejudice**.

DATED this 7th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge